IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN JAY FRY,**

    **Plaintiff,**

    v.                                          CASE NO. 24-3139-JWL

**INTERNAL REVENUE SERVICE,**

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Brian Jay Fry is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### 1. Nature of the Matter before the Court

Plaintiff brings this pro se civil complaint against the Internal Revenue Service ("IRS"). Plaintiff is housed at the Larned State Hospital and has filed a motion for leave to proceed in forma pauperis. (Doc. 2.) The Court grants Plaintiff's motion for leave to proceed in forma pauperis.

Plaintiff alleges that the IRS is holding $1,000,000 that belongs to Plaintiff "free and clear" based on Plaintiff's "winnings." (Doc. 1, at 4.) Plaintiff seeks to have the IRS send Plaintiff a $6,000 check and deduct it from the $1,000,000 in winnings that the IRS is holding from the contest that Plaintiff won called "Frontiers in America" under "IRS.gov for Kansas." *Id*. at 3. Plaintiff alleges that he has the option to print the check himself, but because he is housed at Larned State Hospital, he is unable to use the internet to print the check. *Id*. at 4. Plaintiff claims that he has requested the check from the IRS "multiple times" and "they act like they don't understand." *Id*. at 5.

1

## II. Statutory Screening

The Court is required to screen complaints by plaintiffs proceeding in forma pauperis, and to "dismiss the case at any time if the court determines that . . . (B) the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Plaintiff's claims appear to be frivolous.  Plaintiff attaches to his Complaint a note that states that "years ago" Plaintiff won a contest with the IRS "based on [his] creations such as Sony Blu-Ray [illegible] lyric all electric and Smuckers Uncrustables PB&J." (Doc. 1–1, at 2.) Plaintiff then claims that he won $1,000,000 and "if you log on to IRS.gov and go to contests, click that and look for the contest—Frontiers of America there you will see a photo of [Plaintiff]." *Id*. Plaintiff claims that you can then read about him, and his money is set up by the IRS electronically for Plaintiff to withdraw as he needs it. *Id*.

"A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is

> appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

The Court finds that Plaintiff's claims are frivolous. The Court has accessed the IRS.gov website and finds no mention of contests, Frontiers of America, or Plaintiff.[1] *See Driessen v. Barclays Bank PLC*, 2020 WL 11627329, at *3 (S.D. Fla. 2020) (finding plaintiff's claim that she won money from a lottery sponsored by Coca-Cola and that Barclays refused to transfer her winnings is not credible and is factually frivolous); *Caesar v. Megamillion Biggame Lottery*, 193 F. App'x 119, 120–21 (3rd Cir. 2006) (finding factual contention clearly baseless where plaintiff alleged her four high-valued jackpot-winning lottery tickets were stolen and she was deprived of her winnings due to a vast and powerful conspiracy to steal her lottery winnings). Plaintiff should show good cause why his Complaint should not be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 9, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed as frivolous.

**IT IS SO ORDERED**.

**Dated September 9, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* https://www.irs.gov/ (last accessed September 6, 2024).