IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN JAY FRY,**

    **Plaintiff,**

    v.                                                                                                                      CASE NO. 24-3139-JWL

**INTERNAL REVENUE SERVICE,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil complaint against the Internal Revenue Service ("IRS"). Plaintiff is housed at the Larned State Hospital. The Court granted Plaintiff leave to proceed in forma pauperis. On September 9, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed as frivolous. The matter is before the Court on Plaintiff's Response (Docs. 6, 7).

Plaintiff alleges that the IRS is holding $1,000,000 that belongs to Plaintiff "free and clear" based on Plaintiff's "winnings." (Doc. 1, at 4.) Plaintiff seeks to have the IRS send Plaintiff a $6,000 check and deduct it from the $1,000,000 in winnings that the IRS is holding from the contest that Plaintiff won called "Frontiers in America" under "IRS.gov for Kansas." *Id*. at 3. Plaintiff alleges that he has the option to print the check himself, but because he is housed at Larned State Hospital, he is unable to use the internet to print the check. *Id*. at 4. Plaintiff claims that he has requested the check from the IRS "multiple times" and "they act like they don't understand." *Id*. at 5.

Plaintiff attaches to his Complaint a note that states that "years ago" Plaintiff won a contest with the IRS "based on [his] creations such as Sony Blu-Ray [illegible] lyric all electric and

1

Smuckers Uncrustables PB&J." (Doc. 1–1, at 2.) Plaintiff then claims that he won $1,000,000 and "if you log on to IRS.gov and go to contests, click that and look for the contest—Frontiers of America there you will see a photo of [Plaintiff]." *Id*. Plaintiff claims that you can then read about him, and his money is set up by the IRS electronically for Plaintiff to withdraw as he needs it. *Id*.

"A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

The Court found in the MOSC that Plaintiff's claims are frivolous. The Court noted that it accessed the IRS.gov website and found no mention of contests, Frontiers of America, or Plaintiff.[1] *See Driessen v. Barclays Bank PLC*, 2020 WL 11627329, at *3 (S.D. Fla. 2020) (finding plaintiff's claim that she won money from a lottery sponsored by Coca-Cola and that Barclays refused to transfer her winnings is not credible and is factually frivolous); *Caesar v. Megamillion*

---

[1] *See* https://www.irs.gov/ (last accessed September 6, 2024).

*Biggame Lottery*, 193 F. App'x 119, 120–21 (3rd Cir. 2006) (finding factual contention clearly baseless where plaintiff alleged her four high-valued jackpot-winning lottery tickets were stolen and she was deprived of her winnings due to a vast and powerful conspiracy to steal her lottery winnings).

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  In his response, Plaintiff informs the Court that "nobody knows I won—I've never spoke a word of it to the hospital and I've never spoke it to my family and never will."  (Doc. 6, at 1.)  Plaintiff claims that "back in the 70's" he wrote two songs for Elvis Presley, and he "did CDs in 1978 and 79 there's a tone [sic] of things I've done."  *Id*. at 2.  Plaintiff then states that he is currently 57 years old. *Id*. at 2.  Based on his current age, Plaintiff would have been three to thirteen years old in the 70s.

Plaintiff continues to maintain that he won the IRS contest in 2003.  (Doc. 7, at 1.)  He claims he was "picked" by the IRS in Pittsburg, PA, and by a worker there named "Tate Kirlan." Plaintiff again asks the Court to help him print a check off the website or talk to Tate Kirlen because Plaintiff does not know how to find Tate Kirlen and has no way to talk to him.  *Id*. at 2–3.  Plaintiff attaches his Consumer Credit Report dated April 7, 2023.  (Doc. 7–1.)   Plaintiff highlights an entry on the Report showing an Account Review Inquiry on 11/18/22 by Tate Kirlin.[2] *Id*.

Plaintiff has failed to show good cause why his Complaint should not be dismissed as frivolous.

**IT IS THEREFORE ORDERED THAT** that this matter is **dismissed** as frivolous.

---

[2] The Court notes that Tate Kirlin appears to be a debt collection agency.  The website for Tate & Kirlin Associates, Inc., states that the company has over 27 years of experience specific to the recovery of unpaid and delinquent accounts receivable.  *See* https://tate-kirlin.com/ (last accessed October 17, 2024).

**IT IS SO ORDERED**.

**Dated October 17, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
